NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>MEEKS, CLC Administrator; CITY OF STOCKTON; CITY OF MANTECA; SAN JOAQUIN COUNTY COURTS; PLUMMER, Stockton Police Officer; SARA LIZERO, SJC Probation Control Unit; SAN JOAQUIN COUNTY PROBATION DEPARTMENT; CHRISTIAN LIFE CHURCH; KINNEY, Security for CLC; NATHANIEL HANEY, Pastor CLC; CHRISTIAN LIFE COLLEGE; LONG, SJC Sheriff Deputy,<br><br>          Defendants-Appellees. | No. 21-16636<br><br>D.C. No. 2:21-cv-00016-TLN-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 16, 2024[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    SCHROEDER, VANDYKE, and KOH, Circuit Judges.

The motion to recall the mandate (Docket Entry No. 21) is granted.  The February 2, 2023 order of dismissal for failure to prosecute is vacated and the appeal is reinstated.

William J. Whitsitt appeals pro se from the district court's judgment dismissing his action alleging various federal claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  We affirm.

The district court properly dismissed Whitsitt's action because Whitsitt failed to allege facts sufficient to state any plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider matters raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion for judicial notice (Docket Entry No. 18) is treated as a motion to file a supplemental opening brief and is granted.  The Clerk will file Docket Entry No. 19 as a supplemental opening brief.

**AFFIRMED.**

21-16636